**FILED & ENTERED**

APR 06 2018

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

LOUIS OMAR CRUZ,

                    Debtor.

EDWARD M. WOLKOWITZ, Chapter 7 Trustee,

                    Plaintiff,

v.

LOUIS OMAR CRUZ,

                    Defendant.

Case No. 2:17-bk-19839-RK

Chapter 7

Adv. No. 2:17-ap-01538-RK

**ORDER AFTER TRIAL DENYING AND DISMISSING PLAINTIFF'S CLAIMS UNDER 11 U.S.C. §§ 727(a)(2) and 727(a)(4)**

**Trial**
Date:    April 6, 2018
Time:   9:00 a.m.
Courtroom:  1675

    This adversary proceeding came on for trial on April 6, 2018 before the undersigned United States Bankruptcy Judge on the complaint of Plaintiff Edward M. Wolkowitz, Chapter 7 Trustee, against Debtor Louis Omar Cruz, for denial of discharge under 11 U.S.C. §§ 727(a)(2) and 727(a)(4). Carmela T. Pagay, of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P., appeared for Plaintiff, and Plaintiff also

-1-

Main Document    Page 2 of 3

appeared for himself.  Defendant Louis Omar Cruz, who is self-represented, appeared for himself.

Having heard and considered the testimony and other evidence received at trial and the oral arguments of the parties and pursuant to Federal Rule of Bankruptcy Procedure 7052, stated its findings of fact and conclusions of law on the record at trial and herein, the court rules and orders as follows:

1.  As to Plaintiff's claim under 11 U.S.C. § 727(a)(2) in his complaint, the court finds that Plaintiff has not met his burden of proving the claim by a preponderance of the evidence in that the subject property transferred prepetition by Defendant did not remain transferred at the time the bankruptcy petition was filed and that the subject property was disclosed on Defendant's original bankruptcy petition and schedules (Plaintiff's Exhibit 3, Schedule A/B: Property, at page 11 of 47).  *First Beverly Bank v. Adeeb (In re Adeeb),* 787 F.2d 1339, 1344-1346 (9th Cir. 1986); *see also, In re Beauchamp,* 236 B.R. 727, 730-734 (9th Cir. BAP 1999).  Although Defendant did not disclose the prepetition transfer of the subject property on his original bankruptcy petition and schedules (Plaintiff's Exhibit 5, Official Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy, at page 36 of 47), Defendant recovered the subject property prepetition and he disclosed it as an asset on his original bankruptcy petition and schedules (Plaintiff's Exhibit 3, Schedule A/B: Property, at page 11 of 47). *Id.*  While the court agrees with Plaintiff that a belated disclosure of the transfer of the subject property on Defendant's amended bankruptcy schedules (*see* Summary of Amended Schedules, etc., Docket Number 11, at page 6 of 9, amending Statement of Financial Affairs to list transfer, Federal Rule of Evidence 201 (judicial notice by court of its own proceedings)) does not necessarily vitiate Defendant's non-disclosure of the transfer on the original petition and schedules, *see, In re Hussan,* 56 B.R. 288 (Bankr. E.D. Mich. 1985), the court observes and concludes that subject

property was recovered prepetition and accurately and completely disclosed on the original petition and schedules, which indicates that the lack of disclosure of the transfer itself on the original petition and schedules was not material, and falls within the "recovery and disclosure" exception to 11 U.S.C. § 727(a)(2) in the *Adeeb* case, and Plaintiff has not shown otherwise. *See, In re Adeeb,* 787 F.2d at 1344-1346.

2. As to Plaintiff's claim under 11 U.S.C. § 727(a)(4), the court finds that Plaintiff has not met its burden of proving the claim by a preponderance of the evidence in that he has not shown that Defendant's lack of disclosure of the prepetition transfer of the subject property on his original petition and schedules was material. *In re Aubrey,* 111 B.R. 268, 274 (9th Cir. BAP 1990); *see also, In re Adeeb,* 787 F.2d at 1344-1346. The lack of disclosure of the transfer was not material because the subject property was transferred back to, or recovered by, Defendant before he filed his bankruptcy petition, and Defendant accurately and completely disclosed the property as an asset on his original bankruptcy petition and schedules. Plaintiff has not otherwise shown this lack of disclosure of the transfer of the property recovered prepetition was material under these circumstances.

3. Accordingly, Plaintiff's claims under 11 U.S.C. §§ 727(a)(2) and 727(a)(4) are denied and dismissed with prejudice, and his complaint and adversary proceeding are denied and dismissed with prejudice.

4. A separate form of judgment is being filed and concurrently herewith.

IT IS SO ORDERED.

Date: April 6, 2018

_____
Robert Kwan
United States Bankruptcy Judge

-3-